# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AKINBO J.S. HASHIM,**
**also known as John D. Tiggs, Jr.,**

    **Plaintiff,**

    v.                                                   Case No. 14-CV-1265

**GARY HAMBLIN, et al.,**

    **Defendants.**

## DECISION AND ORDER

Plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On December 18, 2014, I denied plaintiff's motion for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g). Plaintiff subsequently paid the full filing fee. I will now review the complaint and address several motions plaintiff has filed.[1]

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff filed a motion for reassessment and waiver of initial partial filing fee (ECF No. 13). However, he subsequently filed a motion to withdraw the motion (ECF No. 15), which I will grant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff has filed a 126-page, 384-paragraph complaint, suing 40 named defendants and John Does 1-100. He was incarcerated at Green Bay Correctional Institution (GBCI) at all times relevant, but is now confined at Wisconsin Secure Program Facility (WSPF). Plaintiff essentially alleges that defendants have retaliated against him for filing inmate complaints and for being a "jailhouse lawyer." The complaint's "Preliminary Statement" states in relevant part:

> This complaint is filed under 42 U.S.C. §§ 1983, 1985, and 1986 against state prison attendants, an assistant district attorney from Milwaukee County and a private citizen who chose to act as an agent for state actors for these defendants' decision to retaliate and discriminate, and conspire to retaliate and discriminate, against Hashim for prosecuting administrative complaints

3

with government and their officers, being litigious, and acting as a "jailhouse lawyer" by subjecting Hashim to the deprivation of property and privileges, invidious cell assignments, engaging in witness intimidation against Hashim during the plaintiff's testimony at a criminal homicide trial for the defense, imposing so-called "security precautions" in the total absence of any penological justification, unlawful and erroneously extended segregation assignments, withholding meals and medications, illicit mail monitoring, interception and seizure of Hashim's incoming and outgoing mails, illicit use of prison discipline, illicit destruction of legal research materials, and the malicious interference with and denial of access to courts in violation of the 1st, 4th, 5th, 6th, 8th, and 14th Amendments to the United State Constitution, Wisconsin state constitution, state statutes and administrative codes. The plaintiff seeks monetary, injunctive and declaratory relief.

(Compl. at 1-2.)

"District judges . . . have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." Kadamovas v. Stevens, 706 F.3d 843, 844 (7th Cir. 2013). Although "surplusage can and should be ignored[,]" . . . "length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter[.]" Id. (quoting United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003) (said of a "pestilential" complaint of 400 paragraphs sprawling across 155 pages). See also Mann v. Boatright, 477 F.3d 1140, 1147-48 (10th Cir. 2007); In re Westinghouse Securities Litigation, 90 F.3d 696, 702-03 (3d Cir.1996) (600 paragraphs in 240 pages); Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 439 (8th Cir.1983) (per curiam). "District courts should not have to read and decipher tomes disguised pleadings." Lindell v. Houser, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006) (inmate's 55-page complaint naming 40 defendants was "probably dismissible" for not being "simple, concise and direct"). When dismissing on the basis of unintelligibility, a district court should give the plaintiff a chance to amend his complaint to correct its deficiencies. See Paul v.

4

Marberry, 658 F.3d 702, 705 (7th Cir. 2011); EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 782 (7th Cir. 2007); Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006).

Based on the foregoing, if plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Specifically, he must use the court's form complaint[2] and he must limit his complaint allegations to the space provided in the complaint. If plaintiff needs extra space, he may attach up to five additional pages to his complaint. Plaintiff should carefully consider the instructions in the form complaint and limit his allegations accordingly.

Plaintiff is also reminded that "[u]nrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. Moreover, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Plaintiff must filed his amended complaint on or before **May 15, 2015**. Failure to file an amended complaint within this time period may result in dismissal of this action. The

---

[2] The Local Rules require that pro se prisoners use the court's form complaint when filing an action under 42 U.S.C. § 1983. See Civil L.R. 9 (E.D. Wis.).

5

amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If plaintiff filed an amended complaint, I will screen it pursuant to 28 U.S.C. § 1915A.

Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff has filed a motion for temporary restraining order/preliminary injunction (ECF No. 10). He has also filed two motions to enlarge and supplement his motion (ECF Nos. 18, 22). I will address these filings herein and therefore will grant the two latter motions to the extent that they request that I consider them.

To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Woods v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the Court must then balance the harm to each party and to the public interest from granting or denying the injunction. Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013); Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999).

In his initial motion for injunctive relief, plaintiff first requests that the court "enjoin prison officials to extract any and all incoming funds received by Hashim at a rate not greater than 50% and/or make available to Hashim legal loan funds under Section DOC 309.51(1) Wis. Adm. Codes for the duration of this case or in an amount not greater than $250." (ECF No. 10 at 12-13.)

Second, plaintiff contends that he has not received adequate medical care following an incident at GBCI where correctional officers used excessive force against him resulting in "a hole in his lower lip, a chipped tooth, cut gums, a walnut size knot, swollen facial tissue, and an exacerbated back injury." (ECF No. 10. at 13.) According to plaintiff, he did not receive prescribed pain medication for 70 days following the incident and suffered prolonged headaches and back pain. He was permitted to see a nurse but not the on-site physician, nurse practitioner, or the dentist. Plaintiff asserts that he has lingering effects from his head injury and his medication has little to no effect. He seeks an injunction enjoining defendants to provide "effectual" and adequate" medical care for his injuries stemming from the August 13, 2014, excessive force incident.

Third, plaintiff contends that defendants Wickman and Segerstrom retaliated against him when they conducted illicit cell entries and confiscated his property items based on plaintiff's activities as a "jailhouse lawyer." He also contends that defendants VanLanen and Lenz provided retaliatory, "mendacious" facts in two conduct reports issued against him resulting in disciplinary sanctions of 360 days and 120 days, respectively. Plaintiff seeks an order to enjoin defendants' retaliatory actions against him, suspend the disciplinary sanctions entered in the conduct reports, and transfer him to a prison other than GBCI.

In his first motion to enlarge and supplement his request for injunctive relief, plaintiff relates how defendants dismissed a grievance he filed related to defendants' refusal to permit plaintiff to participate in the Step Program at GBCI. He seeks a TRO suspending his transfer to WSPF; suspending the sanctions from Conduct Reports 2476341, 2435018,

and 5475809; compelling his transfer to a specific institution; and permitting his participation in the Step Program.

In plaintiff's second motion to enlarge and supplement his request for injunctive relief, plaintiff seeks relief:

> to end the perpetuated invidious and retaliatory actions taken by corrections officers which, among other things, include assignment and retention in segregation, denial of participation in and the benefit of the Step Program and Early Segregation Release, transfer to WSPF, erroneous assignments under WSPF IMP Policy # 900.538.05, to AC-Tracking, threats frm Warden Gary Boughton to keep Hashim in segregation beyond his current disciplinary sanctions and the likes in violation of Crawford-El v. Britton, 523 U.S. 574, 588 n.10 (1998); Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005); and Yound v. Lane, 922 F.2d 370, 374 (7th Cir. 1991).

(ECF No. 22 at 13.)

As an initial matter, plaintiff has been transferred to WSPF which was one of his requests in his first motion (although now he challenges the transfer to WSPF). As indicated, plaintiff's over-arching claim is retaliation. A retaliation claim is easy to plead yet difficult to prove. To prevail on a retaliation claim, plaintiff must show that, "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at lease a motivating factor in Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)). Plaintiff claims are still not entirely clear and will not be until he files the amended complaint. In short, plaintiff has not demonstrated a likelihood of success on the merits of any retaliation claims at this stage. I also note that plaintiff's motion for injunctive relief indicates that he received medical care for his injuries. Lastly, his voluminous filings

8

in this case reveal that he is able to file documents to litigate this case at this time despite his indigence. Accordingly, I will deny plaintiff's motion for TRO and preliminary injunction.

Motion for Reconsideration

Plaintiff has filed a motion to modify and/or amend the court's December 18, 2014, order, in which I denied his motion for leave to proceed in forma pauperis under 28 U.S.C § 1915(g). He contends that he is under imminent danger of serious physical injury and therefore falls under that exception to the three-strikes rule. Plaintiff also contends that the December 18, 2014, order is invalid because the court failed to list the dismissal dates of his three prior cases upon which I made the § 1915(g) determination. Lastly, plaintiff contends that the three-strikes provision is unconstitutional.

The second sentence of Rule 54(b) states that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). A district court will grant a motion for reconsideration when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. Bank of Waunakee v. Rochester Cheese Sales Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

Plaintiff contends that while he did not specifically allege in the complaint that he was under imminent danger of serious physical injury, I should have construed his

9

complaint allegations that defendants assigned him to a cell with a seriously mentally ill prisoner who expressed violent fixations with harming and killing plaintiff as falling under the imminent danger exception. He also contends that his excessive force allegations that correctional officers physically assaulted him in retaliation for acting as a "jailhouse lawyer" as well as the inadequate medical care he received for his injuries demonstrate that he is under imminent danger of serious physical injury. Plaintiff further contends that his motion for a preliminary injunction should be construed as an application to proceed in forma pauperis under the imminent danger exception where he shows that defendants' retaliatory actions began with a search of his cell and ended with a physical assault.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002) and Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Courts deny leave to proceed in forma pauperis under § 1915(g) when a prisoner alleges only a past injury that has not recurred. See Ciarpaglini, 352 F.3d at 330 (citations omitted). In addition, courts deny leave to proceed in forma pauperis when a prisoner's claims of imminent danger are "conclusory or ridiculous." Id. (citing Heimermann, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection two years previously is not imminent danger); Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); White v. Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger)).

However, § 1915(g) is not used to determine the merits of a claim because "[t]his would result in a complicated set of rules about what conditions are serious enough, all for a simple statutory provision governing when a prisoner must pay the filing fee for his claim." Ciarpaglini, 352 F.3d at 331.

Here, plaintiff alleges a past injury – alleged excessive force and inadequate medical care – that has not recurred. He has not satisfied the standard for imminent danger of serious physical injury.

Plaintiff's second ground for reconsideration is that I omitted the dates of the three decisions in which plaintiff incurred "strikes." See Evans v. Ill. Dep't of Corr., 150 F.3d 810, 812 (7th Cir. 1998) ("[In] the order denying leave to proceed in forma pauperis the district court must cite specifically the case names, case docket numbers, districts in which the actions were filed, and the dates of the orders dismissing the actions."). I denied plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915(g) because plaintiff "has accumulated strikes as follows: 1) Tiggs v. Douma, Case Number 00-CV-79-BBC (W.D. Wis.); 2) Tiggs v. Torhorst, Case Number 00-CV-420-BBC (W.D. Wis.); and 3) Hashim v. Berge, Case Number 01-CV-266-BBC (W.D. Wis.)." (ECF No. 14 at 1-2.) Under Evans, I should have included the date of the dismissals. However, plaintiff does not dispute that he incurred strikes in these cases. I identified the cases which count as strikes and support denial of in forma pauperis under § 1915. Plaintiff has not shown that he is entitled to relief.

Finally, plaintiff contends that § 1915(g) is unconstitutional. However, it is well established that § 1915(g) is constitutional. See Lewis v. Sullivan, 279 F.3d 526, 528-29

(7th Cir. 2002). Based on the foregoing, plaintiff's motion for reconsideration will be denied.

**ORDER**

**IT IS THEREFORE ORDERED** that on or before **May 15, 2015**, plaintiff shall file an amended complaint curing the defects in the original complaint as described herein. Plaintiff shall use the court's form complaint. He must limit his complaint to the form and up to five additional pages.

**IT IS FURTHER ORDERED** that the Clerk's Office mail plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reassessment and waiver of initial partial filing fee (ECF NO. 13) is **WITHDRAWN**.

**IT IS FURTHER ORDERED** that plaintiff's motion to withdraw motion for reassessment and waiver of initial partial filing fee (ECF No. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to modify and/or amend court's December 18, 2014, order (ECF No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for status update and order on preliminary injunction (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to enlarge and supplement motion for preliminary injunction (ECF NO. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's second motion to enlarge and supplement motion for preliminary injunction (ECF No. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for screening order (ECF No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if plaintiff is no longer incarcerated at one of those institutions, he will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2015.

>s/ Lynn Adelman
>_____
>LYNN ADELMAN
>District Judge