# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**AKINBO J.S. HASHIM,**
**also known as John D. Tiggs, Jr.,**

    **Plaintiff,**

    v.                                            Case No. 14-C-1265

**GARY HAMBLIN, et al.,**

    **Defendants.**

## DECISION AND ORDER

This matter is before the court to screen plaintiff's amended complaint. See 28 U.S.C. § 1915A. I will also address in this order several motions plaintiff has filed.

### Amended Complaint

By way of background, on October 9, 2015, I screened the original complaint and determined that plaintiff could proceed on the following claims from Counts I-III of the original pleading: (1) a retaliation claim against defendant Preberg; (2) Eighth Amendment claims against the corrections officers who denied plaintiff food and medicine when he refused to kneel in violation of his medical restriction (i.e., defendants Longsine, Dillenberg, DeBroux, VanLoo, Keiler, Giffin, Mommaerts, Segerstrom, Cummings, Hilbert, Preberg, Comeau, and Steudl); and (3) Eighth Amendment claims against defendants Longsine and Schultz for forcing plaintiff to eat food such as mashed potatoes and soup without eating utensils. (Dkt. No. 36 at 11.) I dismissed all other claims in Counts I-III for failure to state a claim upon which relief could be granted. (Id.) Next, I dismissed without prejudice for

improper joinder all claims that plaintiff asserted in Counts IV and V of the complaint.[1] I determined that while some of the claims within Count V might relate to each other, they were not related to the claims in Counts I-III or to the claims in Count IV, and they purported to join as defendants parties who were not defendants to the other counts.[2]

In his amended complaint, plaintiff names thirty-nine defendants and, for the most part, attempts to reinstate the claims I dismissed for improper joinder. The amended complaint contains four sections. In the first section (Dkt. No. 37 ¶¶ 37-65), plaintiff reiterates his retaliation claim against defendant Preberg. Plaintiff alleges that in March 2010, Preberg wrote a false conduct report against him in retaliation for initiating an administrative grievance. As I explained in my prior order, plaintiff may proceed on this claim.

---

[1] Count IV of the original complaint described events that began at the end of March 2011—mainly a series of allegedly unlawful actions taken by a "Captain Brant," who is not a defendant to the claims asserted in Counts I-III. Count V described a series of events that occurred between May 13, 2011 and August 2013. Count V alleged, among other things, that (a) certain defendants unlawfully prevented plaintiff from serving as a jailhouse lawyer by unreasonably interpreting orders issued by state and federal courts, (b) certain other defendants discontinued the Department of Corrections' inmate-to-inmate legal mail system in order to retaliate against plaintiff, (c) still other defendants violated plaintiff's rights by assigning him a violent cellmate, and (d) other defendants denied him access to the courts by denying him legal loans. (Dkt. No. 36 at 3-4.)

[2] I noted that plaintiff might argue that all of the claims in all five counts of the complaint were related because they were all part of a conspiracy to violate his rights that spanned three-and-one-half years and involved all 140 defendants. However, I rejected his allegation of conspiracy on the ground that it was implausible. (Dkt. No. 36 at 4 n. 2.) I determined that the complaint contained no facts giving rise to a reasonable inference that all 140 defendants (or even only the named 40 defendants) were part of a single conspiracy to violate plaintiff's rights or that every event described in the complaint was part of such a conspiracy. Id.

In the second section of the amended complaint (Dkt. No. 37 ¶¶ 66-90), plaintiff reiterates his allegations that defendant Ericksen imposed security precautions against him after learning about the conduct report authored by Preberg. The security precautions were in effect from March 18, 2010, through June 26, 2010, and plaintiff alleges that they were applied unconstitutionally. The security precautions required, among other things, that plaintiff retreat to the rear of his cell, enter into the shower stall, and kneel on the concrete floor, before staff would give him meals or medication. This kneeling precaution was in place despite a doctor's order that plaintiff not kneel due to his knees. Plaintiff alleges that defendants Longsine, Dillenberg, DeBroux, VanLoo, Keiler, Giffin, Mommaerts, and Segerstrom denied him approximately 100-140 breakfast and lunch meals because he could not kneel. He alleges that defendant Ericksen was aware of the no-keeling medical restriction and the meal deprivations, but chose to take no corrective action. Plaintiff also alleges that defendants Cummings, Hilbert, Preberg, Comeau, and Segerstrom denied him evening meals for about twenty-one days because he could not kneel. According to plaintiff, he lost fourteen to twenty-four pounds as the result of missing the meals. In addition to missing meals, plaintiff alleges that defendants Preberg, Longsine, Hilbert, Cummings, Dillenberg, DeBroux, VanLoo, Keiler, Comeau, Giffin, Mommaerts, and Segerstrom did not give him his prescribed hypertension medication as a result of his inability to follow the security precautions. Plaintiff's allegations that defendants implemented security precautions in such a way as to deprive him of meals and prescribed medication states a claim. His allegation that Ericksen was aware of the meal deprivations and took no corrective action also states a claim.

3

In the third section of the complaint (Dkt. No. 37 ¶¶ 91-139), plaintiff alleges that he was subjected to retaliation for acting as a jailhouse lawyer. These allegations are not related to the claims on which I have allowed the plaintiff to proceed, and they purport to join as defendants parties who are not defendants to the other claims. As explained in my order screening the original complaint, plaintiff may not proceed on those claims in this case. (Dkt. No. 36 at 3-4.) Plaintiff also alleges in this section that defendants Longsine and Schultz, in the course of implementing the security precautions, deprived him of meal trays and utensils. (Dkt. No. 37 ¶¶ 121-123.) This claim was included in the original complaint as is one of the claims I allowed to proceed, and for the reasons stated in my prior order, he may continue to proceed on this claim. (Dkt. No. 36 at 11.)

In the fourth section of the complaint (Dkt. No. ¶¶ 140-185), plaintiff alleges that he was subjected to retaliation for helping other prisoners file grievances with the Inmate Complaint Review System. According to plaintiff, prison staff issued him conduct reports based on false disciplinary charges, unreasonably searched him and his cell, and confiscated his property. He also alleges that officers used excessive force against him causing injury. These new allegations are not related to the claims upon which plaintiff was allowed to proceed in this case and they purport to join as defendants parties who are not defendants to the claims upon which he is proceeding. So again, these claims will be dismissed as improperly joined.

In his amended complaint, Hashim suggests that under the "current judicial culture," prisoners are wrongfully being denied the opportunity to sue multiple defendants and bring multiple claims in a single lawsuit. (Am. Compl. ¶¶ 34–35.) He suggests that courts are applying the Federal Rules of Civil Procedure relating to joinder of claims and parties, i.e.,

4

Rules 18 and 20, against prisoners more stringently than they do against non-prisoner litigants. However, in the present case, my having dismissed many claims and parties on the basis of misjoinder is based on a straightforward application of Rule 20(a)(2). That rule states that multiple parties may be joined as defendants only if (1) the claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences, and (2) any question of law or fact common to all defendants will arise in the action. In the present case, the plaintiff's various claims arise out of separate transactions, occurrences, or series of transactions of occurrences, and there is no question of law or fact that is common to all thirty-nine defendants. To illustrate, consider two of the plaintiff's claims: (1) his claim against Corrections Officer Preberg for retaliating against the plaintiff for complaining about Preberg's having confiscated the plaintiff's eyeglasses, by writing a false conduct report against the plaintiff while he was incarcerated at Green Bay Correctional Institution in March 2010, and (2) his claim against David Olson, a private citizen who resides in Waukesha, Wisconsin, for conspiring with a lawyer employed by the Department of Corrections and stealing bank statements from the plaintiff's Waukesha residence in March 2012, in furtherance of a conspiracy to retaliate against the plaintiff for serving as a jailhouse lawyer to other inmates. By no stretch of the imagination could these claims be thought to arise out of the same transaction, occurrence, or series of transactions or occurrences. Nor is there any common question of law or fact that will arise in adjudicating the claims against both defendants. Thus, Preberg and Olson cannot be joined as defendants in this suit. That would be the case even if the plaintiff were not a prisoner subject to the requirements of the Prison Litigation Reform Act. Under Rule 20(a), a non-prisoner would not be allowed to join a tort claim for negligence arising out of a car

5

accident with defendant John Smith that occurred in March 2010 with a second tort claim for negligence arising out of a car accident with Mary Jones that occurred in March 2012. Similarly, the plaintiff is not allowed to join two unrelated civil-rights claims for retaliation against different defendants in a single suit.

In sum, the plaintiff can proceed on the following claims included in the amended complaint: (1) the retaliation claim against defendant Preberg; (2) the Eighth Amendment claims against the corrections officers who denied plaintiff food and medicine when he refused to kneel in violation of his medication restriction (i.e., Longsine, Dillenberg, DeBroux, VanLoo, Keiler, Giffin, Mommaerts, Segerstrom, Cummings, Hilbert, Preberg, Comeau); (3) the Eighth Amendment claim against defendant Ericksen for failure to take corrective action when notified that plaintiff was being deprived of meals; and (4) the Eighth Amendment claims against defendants Longsine and Schultz for forcing plaintiff to eat foods such as mashed potatoes and soup without eating utensils. All defendants other than Longsine, Dillenberg, DeBroux, VanLoo, Keiler, Giffin, Mommaerts, Segerstrom, Cummings, Hilbert, Preberg, Comeau, Ericksen, and Schultz will be dismissed from this case.

### Plaintiff's Motion to Compel Discovery

On December 14, 2015, plaintiff filed a motion to compel discovery. (Dkt. No. 50.) He moves the court to compel defendants to respond to his November 9, 2015, first set of interrogatories and his November 12, 2015, first set of admissions. According to plaintiff, defendants advised him on November 12, 2015, that they would not respond to his discovery requests until after the court issued a Scheduling Order. Plaintiff counters that defendants should have timely responded to his discovery requests and that plaintiff's

6

Case 2:14-cv-01265-LA   Filed 01/22/16   Page 6 of 9   Document 61

Proposed Scheduling Order, filed October 26, 2015, explained that any practices which required leave of the court before seeking discovery were invalid.

In pro se prisoner civil rights litigation, the usual practice in this district is that the court issues a Scheduling Order setting deadlines for the completion of discovery and for filing dispositive motions after defendants file an answer to the complaint. See Girtler v. Wolf, No. 15-CV-841, 2015 WL 6110761, at *5 (E.D. Wis.). In this case, although defendants answered the original complaint on December 8, 2015, plaintiff had already filed an amended complaint by then. Now that the amended complaint has been screened, the court will await defendants' answer to that pleading before issuing a Scheduling Order. The court will deny plaintiff's November 17, 2015, application to use his Proposed Scheduling Order and instead will follow above-described usual practice in this case. Plaintiff should await the court's Scheduling Order before engaging in discovery. See id. Based on the foregoing, I will deny plaintiff's motion to compel.

### Plaintiff's Motion for Definitive Rulings on Pending Pleadings to Amend Complaint, Proposed Scheduling Order, Prompt Screening Order of Amended Complaint, Application to Proceed Before Magistrate Judge, and for an Order Compelling Answer to Discovery Request

By this motion, plaintiff requests rulings on his motions and applications. This order addresses plaintiff's amended complaint, his proposed Scheduling Order, and his motion to compel. That leaves plaintiff's application to proceed before a magistrate judge. Although plaintiff consented to magistrate judge jurisdiction, defendants did not. Thus, since all parties have not consented, this case will not be transferred to a magistrate judge. See 28 U.S.C. § 636(c). I have now addressed all of the requests in plaintiff's motion for rulings, and I will therefore deny his motion for rulings as moot.

Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction

On January 5, 2016, plaintiff filed a motion for a temporary restraining order and preliminary injunction. Plaintiff requests that the court enter a temporary restraining order prohibiting continued use and reliance on three conduct reports that were allegedly issued in retaliation for his activities as a jailhouse lawyer. He also seeks a preliminary injunction enjoining defendants to terminate his assignment in administrative confinement.

Plaintiff's requests for injunctive relief are not connected to the claims he is proceeding on in this case. He may not seek relief in connection with these claims in this lawsuit. See Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (citing De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945)). Accordingly, plaintiff's motion will be denied.

## ORDER

**THEREFORE, IT IS ORDERED** that plaintiff's motion for prompt screening of amended complaint (Docket No. 42) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (Docket No. 50) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for rulings (Docket No. 54) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order and preliminary injunction (Docket No. 56) is **DENIED**.

**IT IS FURTHER ORDERED** that all defendants other than Longsine, Dillenberg, DeBroux, VanLoo, Keiler, Giffin, Mommaerts, Segerstrom, Cummings, Hilbert, Preberg, Comeau, Ericksen, and Schultz are **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, a copy of plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on defendant Peter Erickson.

**IT IS FURTHER ORDERED** that all remaining defendants other than Erickson shall file a responsive pleading to the amended complaint within thirty days of the date of this order. Pursuant to the informal service agreement, Erickson shall file a responsive pleading within sixty days of receiving electronic notice of this order.

Dated at Milwaukee, Wisconsin, this 22nd day of January, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge