AKINBO JS HASHIM,
also known as, John D. Tiggs, Jr.,

    Plaintiff,

      v.                        Case No. 14-CV-1265

PETER ERICKSEN, DAVID LONGSINE,
JAMES HILBERT, OFFICER ANTONIO CUMMINGS,
LARRY DILLENBERG, CHAD DEBROUX,
BRIAN VAN LOO, DALE COMEAU,
BEN GRIFFIN, OFFICER J. MOMMAERTS,
MICHAEL PREBERG, JUSTIN SEGERSTROM,
AND MICHAEL SCHULTZ,

    Defendants.

# ORDER

Plaintiff, Akinbo J.S. Hashim, also known as John D. Tiggs, Jr., is a Wisconsin state prisoner representing himself. He is proceeding on the following claims: (1) retaliation claim against defendant Preberg; (2) Eighth Amendment claims against the corrections officers who denied him food and medicine when he refused to kneel in violation of his medication restriction (i.e., Longsine, Dillenberg, DeBroux, VanLoo, Keiler, Giffin, Mommaerts, Segerstrom, Cummings, Hilbert, Preberg, Comeau); (3) Eighth Amendment claim against defendant Ericksen for failure to take corrective action when notified that plaintiff was being deprived of meals; and (4) Eighth Amendment claims against defendants Longsine and Schultz for forcing plaintiff to eat foods such as

mashed potatoes and soup without eating utensils.  Plaintiff has filed several motions, which will be addressed herein.[1]

Plaintiff's Motion to Compel Discovery (Dkt. No. 79)

Plaintiff has filed a motion for an order compelling defendants to answer his First Request for Admissions, First Request for Production of Documents and Interrogatories, Second Set of Interrogatories, and Second Request for Admissions.  Defendants oppose the motion, arguing that they have substantively answered many of the requests and that plaintiff's disagreement with defendants' answers are not the proper subject of a motion to compel.  (Dkt. No. 93 at 1.)  Defendants also contend that other discovery requests were not answered, or the answer was limited, based on valid objections.  (*Id.* at 1-2.)  I will reproduce plaintiff's relevant discovery requests, and defendants' responses to the requests, here.

> **First Request for Admission 3**: Defendants, consistent with Wis. Adm. Code § DOC 303.85(2), the department may keep conduct reports which have been dismissed or in which the prisoner was found not guilty for statistical purposes.  *Id.* (Register No. 569, May 2003).  Please admit that Correctional Officer Preberg wrote and Plaintiff was subsequently issued Conduct Reprot 2075023 charging Plaintiff with threats, disruptive conduct and disrespect in violation of Wis. Adm. Code §§ DOC 303.28 and DOC 303.25. (Register No. 569, May 2003).  Defendant, please produce Conduct Report 2075023 and the entire disciplinary record, and/or other relevant and pertinent documents created and generated concerning Conduct Report 2075023 to them absolute end tendered and submitted for the official disciplinary record by prison staff, the prisoner, witnesses or otherwise.
> **RESPONSE NO. 3**: Counsel for defendants OBJECTS to this request on the ground that it is a compound request and is not a proper request to admit pursuant to Rule 36 of the Federal Rules of Civil Procedure.  Notwithstanding and without waiving said objection, ADMIT that DOC 303.85 (May 2003 version) indicates that the department may

---

[1] The parties have filed cross-motions for summary judgment.  These motions are not yet fully briefed, and will be addressed in a subsequent order.

keep conduct reports that have been dismissed or in which the inmate was found not guilty for statistical purposes and security reasons. Green Bay Correctional Institution retains copies of dismissed conduct reports only for one year and no longer has this conduct report. Upon inquiry into the information known or readily available to the defendants, defendants lack sufficient knowledge with which to admit or deny the remainder of this request because Conduct Report #2075023 is not contained in plaintiff's legal file and does not appear on his DOC-120 ID Card.

**First Request for Admission 4**: Defendants, please admit that on or about March 29, 2010, or approximately eleven days after Conduct Report 2075023 had been issued to Plaintiff, defendant, Michael Schultz was the presiding supervisor at the disciplinary hearing committee for that conduct report and Plaintiff was found and adjudged Not Guilty of the disciplinary infractions charged in Conduct Report 2075023.
**RESPONSE 4**: ADMIT that Conduct Report #2075023 was dismissed; however, upon inquiry into the information known or readily available to the defendants, defendants lack sufficient knowledge with which to admit or deny the remainder of this request because Conduct Report #2075023 is not contained in plaintiff's legal file and does not appear on his DOC-120 ID Card.

(Dkt. No. 80-1 at 14-15.) Plaintiff disagrees with defendants' assertion that they did not retain the conduct report, as well as defendants' lack of knowledge as to whether Schultz was the presiding supervisor at the disciplinary hearing committee. However, plaintiff's disagreement with defendants' response is not a proper basis for a motion to compel.

**First Request for Admission 9**: Defendants, please admit that Defendant Ericksen's discretion to impose security precautions against Plaintiff while at GBCI in the segregation building does not include, and indeed, could not include the property issued and received by Plaintiff at the Grant County Jail.
**RESPONSE 9**: DENY on the grounds that plaintiff would not be allowed to retain any property issued to him from the Grant County Jail upon his return to Green Bay Correctional Institution.

(Dkt. No. 80-1 at 17.) Plaintiff contends that defendants' response twists his request to purport that plaintiff would not have been permitted to retain property items issued at the

3

jail. (Dkt. No. 79 at 6.) According to plaintiff, defendant Ericksen imposed security precautions against him in an unconstitutional manner. He requests that the court order defendants to admit that "Ericksen did not possess the discretion and authority to extend to the Grant County Jail the security precautions imposed at GBCI and and by extension, Hashim can't have violated prison rules at GBCI when returning with pens issued at the county jail[.]" *Id.* However, I find that defendants' response answers plaintiff's discovery request. Plaintiff's disagreement with the manner in which they responded is not a proper basis for a motion to compel.

> **First Request for Admission 10**: Defendants, please admit that following Conduct Report 2075054 written by Defendant DeBroux against Plaintiff for purportedly for refusing to return a meal tray [sic], defendants imposed a three-day "bag-meal" security precaution.
> **RESPONSE NO. 10**: DENY.

(Dkt. No. 80-1 at 17.) Plaintiff disagrees with defendants' denial of this admissions requests. (Dkt. No. 79 at 7.) However, defendants responded to the request and plaintiff's disagreement with it is not the proper subject of a motion to compel.

> **First Set of Interrogatories, No. 6**: Defendants, please identify and describe any correspondence that the Division of Adult Institutions, the security suite at GBCI or Defendants Schultz and/or Ericksen received from plaintiff and/or private citizens demonstrating the allegations included in Conduct Report 2075023, Plaintiff's ailment or injuries preventing kneeling and the defendants' decisions to deny Plaintiff any meals, mails and/or medications. Defendants, please produce any and all correspondence that the Division of Adult Institutions, the security suite at GBCI, or Defendants Schultz and/or Ericksen. Defendants, please produce any such correspondences that fits this characterization received and their responses during the period from March, 2010 through July 1, 2010. Suffice it to note that this is not a compound request; the correspondences would have addressed the false allegation in the conduct report, the security precautions, Plaintiff's medical restriction and the likes.
> **RESPONSE**: Counsel for defendants OBJECTS to this request on the grounds that it is incomprehensible, vague, ambiguous, and calls for

4

speculation on behalf of the defendants in order to respond. Notwithstanding said objection, GBCI did not locate any correspondence in either the Security Director's Office or Captain Schultz's office regarding plaintiff.

(Dkt. No. 80-1 at 30-31.) Plaintiff contends that the court should compel defendants to enlarge their search, as specified in his discovery request. However, defendants searched for correspondence and did not find any. They reasonably responded to this discovery request.

> **First Set of Interrogatories, No. 8**: Defendants, please identify and describe the dates, times and correctional staff performing, conducting and ordering the cell searches and strip searches of Plaintiff from the period of March 18, 2010 through June 26, 2010, while assigned to GBCI in the Program Segregation Building. Defendants, please produce any written documentation that exists that substantiates the position articulation under oath in response to this interrogatory.
>
> **RESPONSE**: Counsel for defendants OBJECTS to this request on the grounds that it is overly broad and burdensome. Counsel for defendants further OBJECTS because Plaintiff was not permitted to proceed on his claims regarding the cell and strip searches. *See* ECF No. 61, p. 4.

(Dkt. No. 80-1 at 31.) Plaintiff contends that the court should compel defendants to answer this interrogatory because the claims included in this lawsuit include the unconstitutional application of security precautions. However, plaintiff was not permitted to proceed on his claim related to cell and strip searches. Thus, the defendants appropriately objected to this request.

> **First Set of Interrogatories, No. 9**: Defendants, please identify and describe the number of prisoners assigned at GBCI in the Program Segregation Building excluding the prisoners' names, identification numbers or other information that would tend to reveal the identity of the prisoner who were assigned to any security precaution for a five-year period from March, 2010 through March, 2015. This interrogatory should include but be not limited to correctional staff name imposing the

5

precautions, what those precautions were, the duration those precautions were sustained and perpetuated.
**RESPONSE**: Counsel for defendants OBJECTS to this request on the grounds that it is overly broad and burdensome. Defendants would have to search the records of every inmate at GBCI during this five-year period to determine who was on a security precaution during that time. Moreover, counsel for defendants OBJECTS as this Request is not likely to lead to the discovery of admissible evidence.

(Dkt. No. 80-1 at 32-33.) Plaintiff disagrees with the defendants' characterization of this request as overly broad. However, plaintiff acknowledges that answering the request could necessitate reviewing hundreds of files involving non-party inmates. Plaintiff does not respond to the contention that the information sought was irrelevant. Plaintiff also contends that defendants waived their objection because their response was untimely. But defendants notified plaintiff that they would need a two-week time extension. This time extension was not unreasonable and plaintiff has not shown that he was prejudiced by the delay. Defendants adequately responded to this request.

**First Set of Interrogatories, No. 14**: Defendants, please identify, describe and produce the "bag meal" security precaution imposed against Plaintiff discussed in the amended complaint at para. 123 to include the name of the person or persons imposing it, the reason for its imposition and the menu items provided in the bag meals during that period by kitchen at GBCI in the program segregation building predicated on Conduct Report 2075054 written by Defendant DeBroux.
**RESPONSE**: See the bag meal security restriction attached hereto as Bates No. 257. GBCI does not have menus from 2010 responsive to this request.

(Dkt. No. 80-1 at 35.) Plaintiff takes issue with the fact that defendants did not preserve the menu from 2010. He contends that the court should enter an order indicating the defendants failed to preserve the menu for the items served for three days in the bag meals constitutes spoliation of evidence. However, defendants have responded to this request. They do not have the menu.

6

>**Second Set of Interrogatories, No. 21**: Defendants, please identify and describe the purpose or intended purpose of the 10mg Lisinopril and 25mg Hydrochlorothiazide prescribed to plaintiff by GBCI physician, Dr. Heidorn, or any other medical personnel, during March – June, 2010, while a state prisoner assigned at GBCI in the program segregation building.
>**RESPONSE**: Counsel for defendants OBJECTS to this interrogatory on the grounds that none of the defendants are medical professionals and it would require speculation on their part in order to respond.
>
>**Second Set of Interrogatories, No. 22**: Defendants, based upon reasonable inquiry, please identify and describe hypertension in the health risk associated with hypertension especially with persons of color, African-American, or African descent. Defendants, you may use the assistance of the physician at GBCI, the internet or whatever other resource available to you to answer this interrogatory.
>**RESPONSE**: Counsel for defendants OBJECTS to this interrogatory on the grounds that none of the defendants are medical professionals and it would require speculation on their part in order to respond. Plaintiff may request information about his medical conditions by submitting a Health Service Request to the Health Services Unit at his current institution.

(Dkt. No. 80-1 at 51-52.) Plaintiff contends that the court should compel defendants to answer these interrogatories because defendants are responsible for medication distribution and, therefore, should have some form of working knowledge of the medications that they are responsible for. However, defendants properly objected to these requests. They are not medical professionals and are not required to speculate as to why plaintiff was prescribed certain medication, or general health risks of African American persons. *See, e.g., Davis v. G.N. Morg. Corp.*, 396 F.3d 869, 885-86 (7th Cir. 2005). Based on the foregoing, the court will deny plaintiff's motion to compel.

Plaintiff's Motion for Judgment as a Matter of Law (Doc. 81)

Plaintiff has filed a motion for judgment as a matter of law based on the defendants' alleged spoliation of evidence. He contends that defendants failed to retain

7

a copy of documents related to Conduct Report 2075023 and a copy of the menus showing what meals he was served for a three-day period in March 2010. According to plaintiff, defendants produced the disciplinary record for another conduct report that had been dismissed. He wonders if Conduct Report 2075023 was not preserved because it would support plaintiff's claims against Preberg. Plaintiff also asserts that there is "no reason" why the menu at issue was not preserved.

Defendants oppose the motion. First, they point out that plaintiff has not suffered any prejudice because he already has his own copy of Conduct Report 2075023, which he filed the court and that, with regard to the meals, plaintiff has personal knowledge of what meals he was served in the relevant three day period. Second, defendants assert that there is no evidence that Green Bay Correctional Institution staff destroyed the evidence with an intent to deprive their use by plaintiff in this litigation. Rather, Green Bay did not retain the conduct report pursuant to its own policies. Third, there is no evidence that any named defendant had any personal involvement in the non-retention of the records.

Here, there is no evidence that any defendant intentionally destroyed the evidence in bad faith. Accordingly, the court will deny plaintiff's motion for sanctions. *See Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 644 (7th Cir. 2008); Fed. R. Civ. P. 37(e)(2).

<u>Plaintiff's Motion to Suspend Summary Judgment,
Motion for Extension of Time, Motions to Expedite (Doc. 94, 99, 102, 105)</u>

On August 2, 2016, plaintiff filed a motion to suspend defendants' motion for summary judgment pending resolution of plaintiff's motion to compel discovery.

8

Defendants oppose the motion. Defendants filed their summary judgment motion on July 29, 2016, and plaintiff has not yet responded to the motion. This order resolves plaintiff's motion to compel. The court will direct plaintiff to respond to defendants' summary judgment motion within thirty days of the date of this order. Accordingly, plaintiff's motion to suspend the motion pending resolution of his motion to compel is moot.

On August 10, 2016, plaintiff filed a motion for an extension of time to file his response to defendants' motion for summary judgment as well as his reply in support of his own motion for summary judgment. Plaintiff seeks thirty days after the court resolves his discovery-related motions. Defendants did not respond to this motion. I have already determined that plaintiff may have thirty days from the date of this order to respond to defendants' motion for summary judgment. Upon due consideration, he may also have an additional thirty days to file his reply.

On August 23, 2016, plaintiff a motion for expeditious decisions of plaintiff's motion for extension of time to file reply and responses to summary judgment and plaintiff's motion to compel discovery answers from defendants. He refiled the motion on August 29, 2016. This order resolves the motions that plaintiff requests the court to resolve. Thus, I will grant plaintiff's motions for expeditious decisions.

<u>Plaintiff's Motion for Preliminary Injunction/Temporary Restraining Order and Motion to Enlarge Motion for Preliminary Injunction/Temporary Restraining Order (Doc. 107, 109)</u>

Plaintiff has filed a motion for preliminary injunction/temporary restraining order and a motion to enlarge his motion for preliminary injunction/temporary restraining order. In the first motion, plaintiff requests a hearing for a temporary restraining order

9

and preliminary injunction enjoining correctional officers at Wisconsin Secure Program Facility (WSPF) to return approximately 264 pages of legal work allegedly erroneously taken from plaintiff's cell on August 30, 2016, and prohibiting any future confiscations of legal documents without leave of the court. According to plaintiff, Correctional Officer Bliss decided to search plaintiff's cell and confiscated the 264 legal documents. Later, Officer Morris confiscated 2,500 legal documents. Plaintiff helps other inmates with their legal work and many of the documents confiscated belonged to other inmates. The officers, who are not defendants in this case, allegedly relied on a November 2015, Division of Adult Institutions policy that requires inmates performing legal services for other inmates to retain the envelopes that the legal documents were received in. Plaintiff alleges that the problem is that several, if not all, of the cases he provided legal services on pre-date the November 2015 enactment of the policy. Plaintiff also alleges that Bliss and Morris, who are not educated or trained in the law, did not check the names on the documents but mixed up the case files and "stole them" because plaintiff's name was not on them. (Dkt. No. 107 at 5.) Plaintiff contends that Bliss and Morris's intentional confiscation of over 2,500 pages of legal documents violates his right to equal protection (class-of-one) and his right of access to the courts. Included among those documents were the motions, pleadings, and exhibits belonging to this case. Plaintiff states that he cannot complete his reply and response to the pending summary judgment and cross-summary judgment motions without his materials.

In plaintiff's second motion, he seeks a temporary restraining order and preliminary injunction that forbids WSPF from enforcing its proscription against inmates in segregation from access to inmates' "EDNET" account and enjoining WSPF to permit

plaintiff access to that account containing case files from this case. According to plaintiff, WSPF is denying him access to his EDNET account because he is in segregation. That account contains the unfinished case file pleadings in this case.

Defendants oppose plaintiff's motion. Defendants submit a declaration from WSPF Institution Complaint Examiner Ellen Ray establishing that the legal work taken by the officers on August 20, 2016, did not belong to plaintiff and is not associated with this case. (Ray Decl. ¶¶ 5-10; Dkt. No. 112.) Ms. Ray's declaration also establishes that the legal work taken by the officers on August 20, 2016, belonged to other inmates and that plaintiff failed to comply with Division of Adult Institutions Policy 309.15.01, which states, "Inmates shall retain all envelopes associated with any legal correspondence sent to them from another inmate." (Ray Decl., ¶¶ 7-9.) Finally, Ms. Ray's declaration also establishes that plaintiff is not being denied access to his legal materials for this case. (Ray Decl., ¶¶ 10, 14.) Ms. Ray avers that on September 9, 2016, she looked through the box of materials confiscated from plaintiff's cell, and none of them were for the present case, or for any of plaintiff's cases. (Ray Decl. ¶ 9.) With regard to the EDNET[2] allegations, Ms. Ray avers that since plaintiff is currently in a Restrictive Housing Unit, he cannot access a computer with EDNET. (Ray Dec. ¶ 12.) However, inmates may request printed copies of their legal work from EDNET. (*Id.*) On September 20, 2016, Ms. Ray printed out forty-five pages of documents from plaintiff's EDNET account regarding the above-referenced lawsuit and delivered them to this cell. (Ray Dec. ¶ 14.)

---

[2] EDNET is a Microsoft Word account that allows inmates to type their own brief and legal work. (Ray Dec. ¶ 11.)

In his reply brief, plaintiff focuses on Officers Bliss and Morris's actions in which they allegedly mixed up his legal files. (Dkt. No. 113.) Plaintiff does not deny that he currently has all of his legal papers from this case.

To obtain preliminary injunctive relief, whether through a temporary restraining order or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the Court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

Here, plaintiff seeks relief for two non-defendant officers' confiscation of legal materials. It appears that plaintiff has all of his legal materials in this case. The court cannot grant plaintiff the injunctive relief he seeks, which is the return of other inmates' legal materials. *See Hashim v. Hamblin*, Case No. 14-cv-1265, 2016 WL 297465 at *4 (E.D. Wis. January 22, 2016) ("Plaintiff's requests for injunctive relief are not connected to the claims he is proceeding on in this case. He may not seek relief in connection with these claims in this lawsuit.") (citations omitted). If the plaintiff believes that he has claims against employees at the Wisconsin Secure Program Facility based on their handling of legal materials, he may file a separate lawsuit against those individuals. *See Hashim*, 2015 WL 1840434 at *3 (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits.")

12

Therefore, I will deny plaintiff's motion for a preliminary injunction and temporary restraining order as well as his motion to enlarge.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion to compel discovery (Docket # 79) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for judgment as a matter of law (Docket # 81) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to suspend summary judgment pending decision on motion to compel (Docket # 94) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket # 99) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to expedite decisions on motion to compel and motion for extension of time (Docket # 102) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to expedite decisions on motion to compel and motion for extension of time (Docket # 105) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction and temporary restraining order (Docket # 107) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to enlarge motion for preliminary injunction and temporary restraining order (Docket # 109) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's response to defendants' motion for summary judgment is due within thirty days of the date of this order.

**IT IS FURTHER ORDERED** that plaintiff's reply in support of his motion for summary judgment is due within thirty days of the date of this order.

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2016.

**BY THE COURT:**

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge

14

Case 2:14-cv-01265-LA   Filed 10/22/16   Page 14 of 14   Document 114